UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAGAR TRANSPORTATION, LTD,

                    Plaintiff,                                No. 16-cv-13510

vs.                                                           Hon. Gerald E. Rosen

LEAR CORPORATION, RYDER
INTEGRATED LOGISTICS, INC., and
PENSKE LOGISTICS, LLC,

                    Defendants.
_____/

ORDER DENYING MOTION FOR RECONSIDERATION

                    At a session of said Court, held in
                     the U.S. Courthouse, Detroit, Michigan
                    on November 8, 2016

                    PRESENT:  Honorable Gerald E. Rosen
                               United States District Judge

        The above-captioned matter is presently before the Court on Defendant Lear

Corporation's Motion for reconsideration of the Court's Memorandum Opinion and

Order of October 28, 2016 remanding the case to Texas state court due to Lear's failure

to establish complete diversity of citizenship among the parties.  The specific defect

which led to the Court's remand of the case was Lear's failure to identify all of the

partners of Plaintiff Ragar Transportation, Ltd. and the constituent partners and/or

members of Ragar's sub-members.  Lear alleged only that Plaintiff Ragar Transportation

1

Ltd. is a Texas limited partnership whose general partner is Ragar Transportation Mgt, LLC.  No limited partner was identified.

Ragar's general partner, Ragar Transportation Mgt, LLC, was also identified as a Texas limited liability company.  No member of the LLC, however, was identified.  Lear identified only the LLC's "registered agent" and its "manager," both of which are irrelevant with respect to the question of federal subject matter jurisdiction.  *See Smith v. Kenan Transport LLC*, 2009 WL 1010251 (N.D. Ga. Apr. 14, 2009); *see also Roe v. CitiMortgage, Inc.*, 2011 WL 2516511 (C.D. Cal. June 22, 2011).[1]

Lear argued in its Response that the information concerning the citizenship of Ragar, its partners, members, and sub-members is available to Plaintiff Ragar, intimating that Ragar should be called upon to provide that information to the Court.  However, it was Lear's burden to establish the existence of federal jurisdiction.  "The removing party bears the burden of establishing federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581-82 (6th  Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)); *Certain Interested Underwriters at Lloyd's London, England v. Layne,* 26 F.3d 39, 41 (6th Cir.1994); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*,

---

[1]  Even as to the irrelevantly identified manager of Ragar LLC's, EJ Partners, Ltd, a Texas limited partnership, Lear only identifies its general partner as EJ Mgt., LLC. None of the other partners of EJ Partners is identified, nor are any of the members of EJ Mgt., LLC.

874 F.2d 332, 339 (6th Cir.1989); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).   Lear failed to meet this burden.

In an attempt to prevent remand, Lear suggested that the Court retain jurisdiction and permit jurisdictional discovery.   However, as the Court explained in its October 28, 2016 Memorandum Opinion and Order, the Court cannot retain what it never possessed. It was Lear's burden to prove the Court's jurisdiction.   In the absence of such proof, the Court must presume that it lacks subject matter jurisdiction.   *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Turner v. Bank of North America*, 4 U.S. 8, 11 (1799)).

The Court further noted that "allowing post-removal discovery regarding diversity would "frustrat[e] the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Knox Hills LLC v. Ambac Assur. Corp*., 2015 WL 1298622 (W.D. Ky.  Mar. 23, 2015) (quoting *Lowery v. Alabama Power Co*., 483 F.3d 1184, 1217 (11th Cir. 2007)); *see also May v. Wal-Mart Stores, Inc*., 751 F. Supp. 2d 946, 949-55 (E.D. Ky. 2010) ("[J]urisdictional discovery is anathema to the limited nature of federal jurisdiction and the need to respect the authority of state courts.")  A removing defendant "must be able to demonstrate, at the moment of removal, that the case meets the requirements for federal jurisdiction." *May*, 751 F. Supp. 2d at 955.  Lear's inability to do so did not entitle it to post-removal discovery.

Lear now moves for reconsideration of the Court's October 28, 2016 Order.  The

Court doubts that it has jurisdiction to entertain Defendant's motion.  *See Brierly v.*

*Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 521 n. 1 (6th Cir. 1999) (collecting

cases). The Sixth Circuit did not reach this issue in *Brierly* (nor has it been called upon to

address the issue in any subsequent cases), but it noted in *dicta* in *Brierly* that a number

of other circuits have done so and have concluded the entry of an order of remand divests

a federal district court of all jurisdiction and precludes consideration of a motion to

remand.  *See id*.

Assuming *arguendo* the Court does retain jurisdiction to consider Defendant's

motion, the Court nonetheless concludes that Lear has failed to demonstrate its

entitlement to reconsideration.

The requirements for the granting of motions for reconsideration are set forth in

Eastern District of Michigan Local Rule 7.1(h), which, in relevant part, provides:

> Generally, and without restricting the court's discretion, the court will not
> grant motions for rehearing or reconsideration that merely present the same
> issues ruled upon by the court, either expressly or by reasonable
> implication.  The movant must not only demonstrate a palpable defect by
> which the court and the parties and other persons entitled to be heard on the
> motion have been misled but also show that correcting the defect will result
> in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not

only demonstrate a palpable defect by which the Court has been misled, he must also

4

show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted.  L.R. 7.1(h)(3);  *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling.  Generally, there are three situations which justify reconsideration under Rule 59(e):  (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice.  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."  *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669

(N.D. Ohio 1995); *United States v. Limited, Inc*., 179 F.R.D. 541, 547 (S.D. Ohio 1998)

(*citing Sussman v. Salem, Saxon & Nielsen, P.A* ., 153 F.R.D. 689, 694 (M.D. Fla. 1994),

*Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the foregoing authorities, the Court will deny Defendant Lear's

November 3, 2016 motion.  Lear argues in its Motion for Reconsideration -- as it did in

responding to the Court's Order to Show Cause -- that Plaintiff Ragar should be required

to reveal the citizenship of its constituent entities.  The Court has already rejected that

argument explaining that, as the removing party, it was Defendant Lear's obligation to

establish the basis for federal jurisdiction.  Lear's motion, thus, merely presents the issues

already ruled upon by the Court, either expressly or by reasonable implication.

Furthermore, Plaintiff has not shown a "palpable defect" by which the Court has been

misled.  Accordingly,

IT IS HEREBY ORDERED that Defendant Lear Corporation's Motion for

Reconsideration **[Dkt. # 15]** is DENIED.


s/Gerald E. Rosen
United States District Judge

Dated:  November 8, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on November 8, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135